```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO
 2
    Criminal Action No. 08-cr-00135-WDM
 3
    UNITED STATES OF AMERICA,
 4
         Plaintiff,
 5
    vs.
 6
    SANTIAGO CASTELAN-SOTERO,
 7
         Defendant.
 8  _____

 9                       REPORTER'S TRANSCRIPT
                      (Sentencing Hearing:  Order)
10  _____

11        Proceedings before the HONORABLE WALKER D. MILLER,

12  Judge, United States District Court for the District of

13  Colorado,  commencing at 8:35 a.m., on the 28th day of October,

14  2008, in Courtroom A902, United States Courthouse, Denver,

15  Colorado.

16                             APPEARANCES

17        ROBERT BROWN, Assistant U.S. Attorney,

18  1225 17th Street, Suite 700, Denver, CO, 80202, appearing for

19  the plaintiff.

20        MATTHEW GOLLA, Office of the Federal Public Defender,

21  633 Seventeenth Street, Suite 1000, Denver, CO 80202, appearing

22  for the defendant.

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
      Produced via Computer by Janet M. Coppock, 901 19th Street,
25        Room A-257, Denver, Colorado, 80294, (303) 893-2835
```

| | |
|---|---|
| 1 | PROCEEDINGS |
| 2 | *THE COURT:* The report, then, is incorporated by |
| 3 | reference as part of my findings and conclusions. And I would |
| 4 | note that the guideline recommendations are summarized on |
| 5 | Pages 4 and following. The charge has a base offense level of |
| 6 | 11 and it was enhanced by six levels because more than 50 |
| 7 | documents were involved, so that the adjusted offense level is |
| 8 | 17. By pleading guilty and upon the government's motion, |
| 9 | that's reduced by three to offense level 14. |
| 10 | The defendant's criminal history is an extensive |
| 11 | driving history which has resulted, however, only in one |
| 12 | criminal history point leaving him in Criminal History Category |
| 13 | I, although I note that there are further driving violations |
| 14 | unresolved. The guidelines would then recommend a sentence for |
| 15 | someone with that offense level and criminal history category |
| 16 | of 15 to 21 months followed by supervised release of two to |
| 17 | three years. The defendant is not eligible for probation. The |
| 18 | fine range is $4,000 to $40,000 and there is a special |
| 19 | assessment of $100. |
| 20 | The government has filed a motion for downward |
| 21 | departure pursuant to Section 5K1.1 and in its motion recites |
| 22 | that the defendant has provided information of substance which |
| 23 | has proved to be accurate and helpful. |
| 24 | (A portion of the proceedings was not transcribed.) |
| 25 | *THE COURT:* And the report indicates that with this |

motion, if granted, would reduce the offense level to nine leading to an advisory guideline range of four to 10 months. And I will grant the motion.

(A portion of the proceedings was not transcribed.)

*THE COURT:* The matter, of course, is to proceed in accordance with the statute and the consideration of those factors which are briefly summarized in the Presentence Investigation Report would lead one to conclude that a just and reasonable sentence for this defendant given the motion for downward departure would be a time served with the departure. There is no particular justification for a sentence any longer than he has served in reality.

Accordingly, pursuant to the Sentencing Reform Act, it is my judgment that the defendant be committed to the custody of the Bureau of Prisons for a term of time served. And upon release, he is placed on supervised release for a term of three years and shall report to the nearest probation office within 72 hours of release.

While on supervised release, defendant shall not commit another federal, state or local crime; shall not possess a firearm; and shall comply with the standard conditions adopted by this Court.

I do waive the mandatory drug testing provisions as there is a low risk of future substance abuse, although I do order that he cooperate in a collection of a DNA sample.

1  In addition, if the defendant is deported, he shall
2  not thereafter re-enter the United States illegally.  If he
3  re-enters legally, he shall report to the nearest probation
4  office within 72 hours of return.
5  And I would remind you that you are on supervised
6  release and if you were to return to the United States
7  following deportation without its permission within the next
8  three years, it would be a violation of law subjecting you to
9  significant jail time and a violation of your supervised
10 release which would also subject you to another sentence to be
11 followed -- to follow the first so that you could spend a lot
12 of time in jail if you were to re-enter the United States
13 without its permission.
14 I do find that the defendant does not have the ability
15 to pay a fine and I waive a fine in this case, but I do order
16 that he pay the special assessment which is due immediately.
17 I do accept your plea which means you are convicted
18 and you cannot appeal that conviction, but you can appeal the
19 sentence.  To do so you must file a notice of appeal within 10
20 days of entry of judgment which should occur in the next few
21 days.  If you don't file within that time period, you lose the
22 right to appeal.
23 If you cannot afford an attorney, the Court would
24 appoint one to represent you and the Clerk of this Court would
25 assist you in preparing and filing a notice of appeal.

1      REPORTER'S CERTIFICATE

2     I certify that the foregoing is a correct transcript from

3  the record of proceedings in the above-entitled matter.  Dated

4  at Denver, Colorado, this 28th day of October, 2008.

5

6                              S/Janet M. Coppock